ULLMAN, APPELLANT, *v.* SEITER, DIRECTOR, ET AL., APPELLEES.

[Cite as Ullman *v.* Seiter (1985), 18 Ohio St. 3d 59.]

(No. 84-1791—Decided June 26, 1985.)

*Frank Ullman, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for appellee R. C. Marshall, Superintendent of the Southern Ohio Correctional Facility.

*Per Curiam.* This is an appeal as of right from the dismissal by the Court of Appeals for Franklin County of an original action seeking a writ of habeas corpus directed against the Director of the Department of Rehabilitation and Correction and the Superintendent of the Southern Ohio Correctional Facility.

Appellant, Frank D. Ullman, was indicted on July 2, 1974 for aggravated murder without specification and, upon waiver of trial by jury, was tried to a single judge in Stark County and on conviction was sentenced to life imprisonment on September 27, 1974. The basis asserted for habeas corpus relief was that the sentencing court was without jurisdiction inasmuch as R.C. 2945.06 required that one charged with an offense punishable by death should be tried to a court composed of three judges.

Questions were raised below as to whether the Court of Appeals for Franklin County had jurisdiction in the proceeding and/or jurisdiction of the Superintendent of the Southern Ohio Correctional Facility. While the court of appeals found it had no jurisdiction over the appellee superintendent, it did nonetheless reach a determination on the merits of the petition. In so doing, it determined that no cause of action was stated because the sentencing court had jurisdiction. We agree with the merit determination.

Effective January 1, 1974, R.C. 2929.03 and 2929.04 required an allegation and proof of an aggravating specification as a predicate for imposition of the death penalty. No such allegation was made, so that at the time of appellant's waiver of jury trial and his ultimate trial he was not eligible under the provisions of R.C. 2945.06 for trial by a three-judge panel.

For reason of the foregoing, the judgment of the court of appeals dismissing the original action in habeas corpus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.