[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 543.]

THE STATE EX REL. HENRY, APPELLANT, *v.* MCMONAGLE, JUDGE, APPELLEE.

[Cite as *State ex rel. Henry v. McMonagle*, 2000-Ohio-477.]

*Prohibition—Writ prohibiting judge of common pleas court from exercising judicial authority by accepting relator's guilty plea and pronouncing sentence—Dismissal of complaint affirmed.*

(No. 99-1316—Submitted November 16, 1999–Decided January 19, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75464.

————————————

{¶ 1} In June 1991, the Cuyahoga County Grand Jury indicted appellant, Toriano D. Henry, on one count of aggravated murder and one count of attempted murder. The aggravated murder charge included a mass-murder death-penalty specification and a firearm specification, and the attempted murder charge included a firearm specification.

{¶ 2} In September 1991, the state amended the aggravated murder charge by deleting the death-penalty and firearm specifications, and Henry pled guilty to the amended aggravated murder charge and the attempted murder count and accompanying firearm specification as charged in the indictment. Appellee, Cuyahoga County Court of Common Pleas Judge Richard J. McMonagle, accepted Henry's guilty plea and sentenced him to concurrent prison terms of twenty years to life for aggravated murder and five to twenty-five years plus three years of actual incarceration for attempted murder and the accompanying firearm specification.

{¶ 3} In 1998, Henry filed a complaint for a writ of prohibition to vacate his conviction and sentence. Henry claimed that Judge McMonagle failed to comply with the requirement of R.C. 2945.06 that a three-judge panel examine the witnesses and determine whether the accused is guilty of aggravated murder or any other offense punishable with death if the accused pleads guilty to aggravated

murder. Judge McMonagle filed a motion to dismiss Henry's complaint. Thereafter, the court of appeals granted Judge McMonagle's motion and dismissed the cause.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

───────────────

*Toriano D. Henry, pro se*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary*, Assistant Prosecuting Attorney, for appellee.

───────────────

***Per Curiam.***

**{¶ 5}** Henry asserts that the court of appeals erred in refusing to grant his requested writ of prohibition. In order to be entitled to a writ of prohibition, Henry must establish that (1) Judge McMonagle is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572, 574. Here, Judge McMonagle exercised judicial authority by accepting Henry's guilty plea and sentencing him. At issue is whether Judge McMonagle's exercise of that power was unauthorized and caused Henry injury that was not reparable by any other legal remedy.

**{¶ 6}** We find that Judge McMonagle did not patently and unambiguously lack jurisdiction to accept Henry's guilty plea and pronounce sentence. Henry had an adequate legal remedy by appeal from Judge McMonagle's sentence to raise his claim.

**{¶ 7}** R.C. 2945.06 does not require an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court if the accused is not charged with an offense punishable by death. *Ullman v. Seiter* (1985), 18 Ohio St.3d 59, 18 OBR 92, 479 N.E.2d 875. In this regard, R.C. 2945.06

2

must be construed *in pari materia* with Crim.R. 11(C). *State v. Green* (1998), 81 Ohio St.3d 100, 104, 689 N.E.2d 556, 559. At the time Henry pled guilty, his indictment had been amended to delete any death-penalty specification. Therefore, neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination by a three-judge panel because Henry was no longer charged with an offense punishable by death at the time he entered his guilty plea. See Crim.R. 11(C)(4); *Ullman*, 18 Ohio St.3d at 60, 18 OBR at 93, 479 N.E.2d at 876.

{¶ 8} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――