THE STATE EX REL. HENRY, APPELLANT, *v.* MCMONAGLE, JUDGE, APPELLEE.

[Cite as *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543.]

(No. 99-1316—Submitted November 16, 1999—Decided January 19, 2000.)

---

*Toriano D. Henry, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary*, Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** Henry asserts that the court of appeals erred in refusing to grant his requested writ of prohibition. In order to be entitled to a writ of prohibition, Henry must establish that (1) Judge McMonagle is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572, 574. Here, Judge McMonagle exercised judicial authority by accepting Henry's guilty plea and sentencing him. At issue is whether Judge McMonagle's exercise of that power was unauthorized and caused Henry injury that was not reparable by any other legal remedy.

We find that Judge McMonagle did not patently and unambiguously lack jurisdiction to accept Henry's guilty plea and pronounce sentence. Henry had an adequate legal remedy by appeal from Judge McMonagle's sentence to raise his claim.

R.C. 2945.06 does not require an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court if the accused is not charged with an offense punishable by death. *Ullman v. Seiter* (1985), 18 Ohio St.3d 59, 18 OBR 92, 479 N.E.2d 875. In this regard, R.C. 2945.06 must be construed *in pari materia* with Crim.R. 11(C). *State v. Green* (1998), 81 Ohio St.3d 100, 104, 689 N.E.2d 556, 559. At the time Henry pled guilty, his

indictment had been amended to delete any death-penalty specification. Therefore, neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination by a three-judge panel because Henry was no longer charged with an offense punishable by death at the time he entered his guilty plea. See Crim.R. 11(C)(4); *Ullman*, 18 Ohio St.3d at 60, 18 OBR at 93, 479 N.E.2d at 876.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.