JOURNAL ENTRY and OPINION
Defendant-appellant, Vincent Parker, appeals from his guilty pleas to aggravated murder with felony-murder and firearm specifications; aggravated robbery with a firearm specification; having a weapon while under disability, and assault upon a police officer. He argues the trial court lacked jurisdiction to accept his pleas because only a single judge accepted the pleas; that there was insufficient evidence presented to support the aggravated murder charge; and that the trial court did not substantially comply with Crim.R. 11. For the reasons set forth below, we find merit to the defendant's appeal and vacate his pleas and remand for further proceedings.
Defendant was indicted in two different cases. In Case No. CR-320034, defendant was indicted on three counts. Count One of the indictment charged the defendant with aggravated murder (R.C. 2903.01), with a felony-murder specification in which it was alleged the defendant committed the aggravated murder while committing or attempting to commit aggravated robbery. Count One also contained a firearm specification. Count Two charged the defendant with aggravated robbery (R.C. 2911.01) and also contained a firearm specification. Count Three charged the defendant with having a weapon while under disability (R.C. 2923.13).
In case No. CR-318382, the defendant was charged with the offense of assault (R.C. 2903.13), which also contained a peace officer specification.
Defendant initially pled not guilty in both cases. However, on June 30, 1995, he retracted his not guilty pleas and entered pleas of guilty in both cases in exchange for the State not pursuing the death penalty. Regarding Case No. CR-320034, he pled guilty to Count One as charged, aggravated murder with felony-murder specification, and firearm specification. He entered a guilty plea to an amended Count Two, aggravated robbery without the firearm specification. Count Three was nolled. The agreed-upon sentence he was to serve in this case was a term of life imprisonment with no eligibility of parole for twenty years, plus three years on the firearm specification, to run consecutive to the twenty years; on Count Two, the defendant agreed to a sentence of ten to twenty-five years to run consecutive to Count One, giving the defendant a total sentence of thirty-three years to life.
Regarding Case No. CR-318382, the defendant pled guilty to the indictment as charged, assault on a police officer. The parties agreed the sentence in this case would be eighteen months to be served concurrently with Case No. CR-320034.
On May 3, 1999, this court granted the defendant's motion for a delayed appeal. Defendant now appeals, asserting three assignments of error.
 I. A SINGLE TRIAL COURT JUDGE LACKED JURISDICTION TO ACCEPT THE PLEA TO AGGRAVATED MURDER AND TO A FELONY MURDER SPECIFICATIONBECAUSE A THREE-JUDGE PANEL WAS ESSENTIAL TO JURISDICTION AND THE ACCUSED MAY NOT WAIVE SUCH A PANEL.
Defendant argues that the trial court lacked jurisdiction to accept the defendant's plea to aggravated murder because R.C. 2945.06 requires that a three-judge panel accept such a plea. The State argues that, although R.C. 2945.06 requires a three-judge panel accept a plea to aggravated murder, the defendant waived this requirement by agreeing to submit his plea to a single judge, and the requirements of R.C. 2945.06 need not be followed when the defendant no longer faces a possibility of punishment by death.
R.C. 2945.06 states in pertinent part:
 * * * If the accused is charged with an offense punishable by death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court * * *. If the accused pleads guilty to aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly.
 The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.
Regarding the defendant's waiver of having a three-judge panel accept his plea, although the defendant did agree to have his plea submitted to a single judge, the Ohio Supreme Court in State v. Filiaggi(1999),86 Ohio St.3d 230, 239, held that the requirements of R.C. 2945.06 were jurisdictional and could not be waived. The court in Filiaggi emphasized that it has consistently required strict compliance with Ohio statutes when reviewing the procedures used in capital cases. Id. at 240. Therefore, we find that the trial court did not have the authority to accept the defendant's pleas, even though he agreed to waiving a three-judge panel in favor of a single judge.
The State's argument that the requirements of R.C. 2945.06 did not have to be followed because the State had agreed not to seek the death penalty is also not a valid argument. Although the Ohio Supreme Court in State ex rel. Henry v. McMonagle (2000), 87 Ohio St.3d 543, 544-545, recently held that the procedures in R.C. 2945.06 need not be followed once the death penalty specifications are deleted, this is not what occurred in the case herein. In the case herein, the death penalty specifications were not deleted; instead, the State merely greed not to pursue the death penalty.
This court in State v. Carley (Sept. 14, 2000), Cuyahoga App. No. 76885, unreported, recently held an agreed-upon sentence of life imprisonment on an indictment which still contains death penalty specifications does not meet the requirements set forth in State ex. rel Henry and the requirements of R.C. 2945.06 must be followed because the defendant is still charged with an offense punishable by death. But see, contra authority from other jurisdictions, State v. Griffin (1992),73 Ohio App.3d 546, 553 (no longer a capital case once pretrial agreement by State not to seek death penalty); State v. Heddlesohn (Aug. 4, 1997), Stark App. No. CA-00113, unreported (since appellant pled pursuant to negotiated plea agreement wherein the State agreed not to seek death penalty, death penalty procedures need not be followed); State v. Rash (Mar. 27, 1995), Stark App. No. 94-CA-223, unreported (three-judge panel not necessary when defendant pleads in exchange for State not seeking death penalty). Since we must follow the precedent as set forth in our own jurisdiction, we find that the State's agreement not to pursue the death penalty did not bring it within the ambit of the holding in State v. ex. Rel Henry.
Since the defendant could not waive the three-judge panel requirement set forth in R.C. 2945.06 and because he was still charged with an offense punishable by death, we find the court had no authority to accept the defendant's plea.
Defendant's first assignment of error is sustained. The defendant's pleas are vacated and the matter remanded for further proceedings.
 II. THE STATE'S FAILURE TO PUT ON EVIDENCE OR TO EXAMINE WITNESSES DOES NOT ALLOW A CONVICTION FOR AGGRAVATED MURDER PURSUANT TO THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 9, 10, AND 16 OF THE OHIO CONSTITUTION, RULE 11(C)(3) OF THE OHIO RULES OF CRIMINAL PROCEDURE AND OHIO REVISED CODE R.C. 2945.06
BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO SUBSTANTIALLY COMPLY WITH RULE 11 OF OHIO'S RULES OF CRIMINAL PROCEDURE IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.
Given our disposition of defendant's first assignment of error, defendant's second and third assignments of error are moot and need not be addressed. App.R. 12.
Defendant's guilty pleas are vacated and the matter remanded for further proceedings.
This judgment of the Cuyahoga County Court of Common Pleas is vacated and the case is remanded to said court for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and JAMES D. SWEENEY, J., CONCUR