OPINION
{¶ 1} Defendant-appellant, Jerry Lee White, appeals from the decision of the Jefferson County Court of Common Pleas finding him guilty of aggravated murder, aggravated burglary, aggravated robbery, and escape and the sentence that followed.
 {¶ 2} Appellant was age 16 at the time of the occurrences resulting in this case. The facts, as gleaned from appellant's bindover hearing, are as follows. According to the Jefferson County Sheriff, on or about May 11, 1997, appellant and two other juveniles broke into Ruth Roberts' home by breaking a window and unlocking the door. The three planned to rob Ms. Roberts. Once inside her home, the boys began hitting Ms. Roberts. One of the other boys was jumping off a dresser, landing on Ms. Roberts' chest and head. The other boy admitted to the sheriff that he was stomping on Ms. Roberts.
 {¶ 3} The sheriff further testified that appellant admitted he broke into Ms. Roberts' house to get money. Appellant admitted to the sheriff that he kicked Ms. Roberts. He further admitted that he lit a couch or chair on fire while the others lit Ms. Roberts' bed on fire, with her in it, and lit a fire in the closet. He also admitted that they took jewelry from Ms. Roberts' home.
 {¶ 4} Ms. Roberts died as result of the attack. Her death was a result of blunt trauma to the head and chest.
 {¶ 5} On May 12, 1997, plaintiff-appellee, the State of Ohio, filed a complaint in the Juvenile Division of the Jefferson County Common Pleas Court alleging that appellant committed aggravated murder with an aggravated burglary specification and aggravated burglary. Appellee also filed a motion to bind appellant over to the general division of the common pleas court on the charges of aggravated murder with a death penalty specification and aggravated burglary. Following a hearing, in its May 16, 1997 judgment entry, the juvenile court bound appellant's case over finding probable cause to believe that appellant committed an act that would be aggravated murder with a specification under R.C.2929.04(A)(7).
 {¶ 6} On June 4, 1997, appellant was indicted on the following charges: Count 1, aggravated murder with an aggravated burglary specification; Count 2, aggravated burglary; Count 3, aggravated murder with an aggravated robbery specification; Count 4, aggravated robbery; Count 5, aggravated murder with an aggravated arson specification; Count 6, aggravated arson; Count 7 tampering with evidence; Count 8, escape; and Count 9, assault. The aggravated murder charges were capital offenses due to the specifications contained in the indictment. Appellant entered a plea of not guilty to all charges.
 {¶ 7} The parties reached a plea agreement on January 7, 1998. Per the terms of the agreement, appellee amended the indictment by entering nolle prosequis to the specification contained in Count 1, Count 3 and its specification, Count 5 and its specification, Count 6, Count 7 and Count 9. By entering nolle prosequis to the specification in Count 1 and to Counts 3 and 5, appellee removed the death-penalty specifications. Appellant then pled guilty to the amended first count charging him with aggravated murder and to Counts 2, 4, and 8.
 {¶ 8} The trial court sentenced appellant as recommended by the plea agreement. For aggravated murder in violation of R.C. 2903.01(B), the court sentenced appellant to life in prison without opportunity for parole for twenty years. For aggravated burglary in violation of R.C.2911.11(A)(1), the court sentenced appellant to ten years imprisonment. For aggravated robbery in violation of R.C. 2911.01(A)(3), the court sentenced appellant to ten years imprisonment. For escape in violation of R.C. 2921.34(A)(1), the court sentenced appellant to three years imprisonment. The court ordered that appellant serve his sentences consecutively. The trial court entered its judgment entry of sentence on January 9, 1998.
 {¶ 9} On March 19, 2001, appellant, acting pro-se, filed a motion for appointment of appellate counsel to file an application for leave to file an appeal. In this court's April 25, 2001 journal entry, we construed appellant's March 19 motion as a motion to file a delayed appeal under App.R. 5(A) and sustained the motion. We also appointed the Ohio Public Defender to assist appellant in his appeal. On July 23, 2001, appellant filed his notice of appeal.
 {¶ 10} Appellant raises four assignments of error, the first of which states:
 {¶ 11} "THE TRIAL COURT ERRED BY FAILING TO EMPANEL A THREE JUDGE PANEL TO HEAR MR. WHITE'S PLEA OF GUILTY TO AGGRAVATED MURDER. TR. (JAN. 7, 1999)."
 {¶ 12} Appellant asserts that the trial court should have empanelled a three-judge panel to hear his plea to aggravated murder and to sentence him. Appellant contends that the plain meaning of R.C. 2945.06
provides all aggravated murder guilty pleas must go to three-judge panels. Next, appellant asserts that R.C. 2945.06 controls over contradictory provisions in Crim.R. 11(C). Crim.R. 11(C) allows a single judge to accept a guilty plea to the charge of aggravated murder as long as any specifications are dismissed upon acceptance of a guilty plea. Appellant alleges that Crim.R. 11(C) is invalid to the extent it conflicts with R.C. 2945.06. Finally, appellant argues that a single judge does not have jurisdiction to accept a plea to aggravated murder regardless of whether capital specifications attach. Thus, appellant urges this court to vacate his plea and remand this case for trial.
 {¶ 13} R.C. 2945.06 provides in relevant part:
 {¶ 14} "* * *. If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, and in case there is neither a presiding judge nor a chief justice, by the chief justice of the supreme court. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04
of the Revised Code in all cases in which the accused is charged with an offense punishable by death. * * *."
 {¶ 15} Recently, in State v. Parker (2002), 95 Ohio St.3d 524, the Ohio Supreme Court decided substantially the same issue that faces this court. The court considered the certified question:
 {¶ 16} "`When the State agrees not to pursue the death penalty in an aggravated murder case, but does not delete the death penalty specification, does the requirement that the proceedings be held by a three judge panel as set forth in R.C. 2945.06 and Crim.R. 11(C)(3) still apply?'" Id. at 525.
 {¶ 17} In Parker, the defendant pled guilty to aggravated murder with a death-penalty specification. The state agreed not to seek the death penalty. However, the state never amended the indictment to eliminate the death-penalty specification. The court held, "that a defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." Id. at 527. More importantly to this case, the court went on to state, "[s]ince therewas no amendment to the indictment deleting the death-penaltyspecification, it was required that [the defendant's] case be heard by a three-judge panel." Id. (Emphasis added.)
 {¶ 18} The Ohio Supreme Court also addressed this issue in ruling on a writ of prohibition in State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543. The court held that the trial court "did not patently and unambiguously lack jurisdiction to accept [the defendant's] guilty plea and pronounce sentence" when a single judge accepted the defendant's guilty plea to aggravated murder after the prosecutor amended the indictment to eliminate the death specification. Id. at 544. However, the court also stated that the defendant had an adequate legal remedy by appeal from the trial court's sentence to raise his claim. Id. The court went on to state:
 {¶ 19} "R.C. 2945.06 does not require an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court if the accused is not charged with an offense punishable by death. In this regard, R.C. 2945.06 must be construed in pari materia with Crim.R. 11(C). At the time [the defendant] pled guilty, his indictment had been amended to delete any death-penalty specification. Therefore, neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination by a three-judge panel because [the defendant] was no longer charged with an offense punishable by death at the time he entered his guilty plea." Id. at 544-45. (Internal citations omitted.)
 {¶ 20} Even though McMonagle was heard on a writ of prohibition and the court stated that the defendant should have raised this issue on direct appeal, this does not mean, as appellant argues, that we cannot apply the court's reasoning to the case at bar. The Eighth District applied the Supreme Court's reasoning in State v. Burt (Oct. 4, 2001), 8th Dist. No. 78612. The pertinent facts in Burt are identical to those in the case sub judice. The defendant was originally charged with aggravated murder with death specifications. Pursuant to a plea agreement, the prosecutor amended the indictment to eliminate the death specifications. The defendant then pled guilty before a single judge who accepted her plea and pronounced sentence. The defendant appealed arguing that the trial court erred by accepting her guilty plea without convening a three-judge panel. The court of appeals affirmed the conviction holding that R.C. 2945.06 does not require a three-judge panel to accept a guilty plea to the offense of non-capital aggravated murder. Id.
 {¶ 21} In the present case, appellee amended the indictment against appellant, removing the death-penalty specifications. Once appellee amended appellant's indictment to eliminate the death penalty specifications, appellant no longer faced capital charges. Thus, R.C.2945.06 did not apply to appellant after appellee dropped the death-penalty specifications. Accordingly, appellant's first assignment of error is without merit.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "THE TRIAL COURT ERRED BY CONVICTING MR. WHITE WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CHARGES.R.C. 2945.06. TR. (JAN. 7, 1999)."
 {¶ 24} Appellant argues that the evidence was insufficient to support the charges against him. He contends that although appellee presented some facts at the bindover hearing, there was no evidence to support the court's decision to accept appellant's plea and sentence him. Appellant maintains that a court may not accept a guilty plea to aggravated murder unless it determines the defendant's guilt beyond a reasonable doubt, as R.C. 2945.06 requires.
 {¶ 25} When a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors, including sufficiency of the evidence, unless such errors are shown to have prevented the defendant from making a knowing and voluntary plea. State v. Bush (May 18, 2001), 6th Dist. No. L-00-1236; State v. Howard (Oct. 20, 1995), 4th Dist. No. 95CA2328. An exception exists when the defendant pleads guilty to a capital aggravated murder charge. State v. Wright, 3rd Dist. No. 1-2000-71, 2001-Ohio-2124. However, as stated above, once appellee amended the indictment, R.C. 2945.06 no longer required an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court. McMonagle, 87 Ohio St.3d 544.
 {¶ 26} Thus, appellant's second assignment of error is without merit.
 {¶ 27} Appellant's third assignment of error states:
 {¶ 28} "THE TRIAL COURT ERRED BY CONVICTING MR. WHITE WITHOUT FINDING HIM GUILTY BEYOND A REASONABLE DOUBT. TR. (JAN. 7, 1998) 25."
 {¶ 29} Appellant argues that the trial court did not find him guilty beyond a reasonable doubt. He asserts that in cases in which a defendant faces charges of aggravated murder with death-penalty specifications, a trial court cannot accept his guilty plea without hearing sufficient evidence to find the defendant guilty beyond a reasonable doubt. Citing, State v. Green (1998) 81 Ohio St.3d 100,104-5. Appellant argues that the trial court simply found him guilty without reference to the standard "beyond a reasonable doubt." By doing so, he claims that the trial court deprived him of his liberty without due process of law. Appellant contends that R.C. 2945.06 provides that the court must find him guilty by proof beyond a reasonable doubt on all charges, not just aggravated murder.
 {¶ 30} Appellant is correct in asserting that in a case in which a defendant faces charges of aggravated murder with death-penalty specifications, a trial court cannot accept his guilty plea without hearing sufficient evidence to find the defendant guilty beyond a reasonable doubt. Id. However, in this case appellant did not face charges of aggravated murder with death-penalty specifications. Accordingly, the additional steps in R.C. 2945.06 did not apply to appellant. Thus, appellant's third assignment of error is without merit.
 {¶ 31} Appellant's fourth assignment of error states:
 {¶ 32} "THE TRIAL COURT EXCEEDED ITS JURISDICTION BY ACCEPTING PLEAS TO CHARGES FOR WHICH MR. WHITE HAD NOT BEEN BOUND OVER. BINDOVER ENTRY, MAY 16, 1997, JUDGMENT ENTRY OF SENTENCE, JAN. 8, 1998."
 {¶ 33} Appellant argues that the trial court was without jurisdiction to accept his pleas to the charges of aggravated robbery and aggravated burglary since the juvenile court did not bind him over on those charges. He asserts that when a juvenile is bound over, the common pleas court only has jurisdiction to hear pleas to charges derived from the charged act that is the basis of the transfer. Citing, State v.Bruno, 8th Dist. No. 77202, 2001-Ohio-4227. Appellant maintains the charged act that was the basis for the transfer was the purposeful killing of Ruth Roberts and that this act does not encompass aggravated robbery or aggravated burglary. He further argues that the juvenile court implicitly denied appellee's motion to transfer the aggravated burglary charge to the general division of the common pleas court by granting transfer only on the aggravated murder charge.
 {¶ 34} Juvenile courts have exclusive initial subject-matter jurisdiction over any case involving a juvenile alleged to be delinquent for having committed an act that would constitute a felony if committed by an adult. State v. Golphin (1998), 81 Ohio St.3d 543, 544-545. Before the juvenile may be tried as an adult in common pleas court, the juvenile court must comply with the bindover provisions in R.C. 2151.26. Id.
 {¶ 35} Although the record does not contain the original complaint against appellant listing the charges filed against him in juvenile court, it does contain a juvenile case information sheet attached to the court's May 19, 1997 judgment entry. The sheet states that appellant was charged with being a delinquent for committing the offenses of aggravated murder and aggravated burglary. In the juvenile court's judgment entry that bound appellant over to the general division of the trial court, the juvenile court found that appellant was sixteen years of age at the time of the conduct charged and that there was probable cause to believe that appellant committed an act that would be the crime of aggravated murder in violation of R.C. 2903.01(B) with a specification under R.C. 2929.04(A)(7). (May 16, 1997 Judgment Entry). The court further found that appellant was charged with a category one offense. The court never specifically stated that it was binding appellant over on the charges of aggravated burglary and aggravated robbery. Instead, it stated, "this case is transferred to the general division of the Jefferson County Common Pleas Court for further proceedings pursuant to law." (May 16, 1997 Judgment Entry).
 {¶ 36} R.C. 2151.23(H), which deals with the jurisdiction of the juvenile courts, provides:
 {¶ 37} "If a child who is charged with an act that would be an offense if committed by an adult * * * is transferred for criminal prosecution * * *, the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer. The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, including, but not limited to, jurisdiction to accept a plea of guilty * * * and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that is different from the offense charged." (Emphasis added.)
 {¶ 38} The Eighth Appellate District has addressed the issue of when a juvenile defendant can be indicted on charges different from those on which he was bound over. In State v. Fryerson (Feb. 10, 2000), 8th Dist. No. 71683, the defendant was bound over to the general division on several charges involving a particular victim and occurrence. The defendant was then indicted on separate charges involving a different victim and occurrence. The court determined that since the defendant was not bound over on the second set of charges, the general division did not have authority to hear those charges, which were not the basis of the transfer. However, in Bruno, 8th Dist. No. 77202, the defendant was bound over to the general division for murder. The Grand Jury subsequently indicted the defendant for aggravated murder. The court held "that as long as the indicted offense arose out of the offense that was the basis of the transfer, the juvenile could be indicted on a different offense, but where the juvenile was indicted on offenses that did not arise out of the bound over offenses, the trial court lacked jurisdiction." Id., citing Fryerson, 8th Dist. No. 71683. The Bruno court went on to hold that the common pleas court has jurisdiction over a charge different from the charge bound over as long as the new charge is derived from the charged act that was the basis of the transfer. Id.
 {¶ 39} The questions then, that we must determine, are whether aggravated robbery and aggravated burglary arose out of the offense that was the basis of the transfer or whether aggravated robbery and aggravated burglary were derived from the charged act.
 {¶ 40} The present case is distinguishable from both Bruno andFryerson. In this case, the offense that the juvenile division bound appellant over on (aggravated murder in violation of R.C. 2903.01(B) with a specification under R.C. 2929.04(A)(7)) included another offense as one of its elements. R.C. 2903.01(B) provides:
 {¶ 41} "No person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape."
 {¶ 42} Because of the aggravated murder section under which appellant was bound over and charged, the act for which he was bound over was for purposefully causing Ms. Roberts' death while committing or attempting to commit any of the above listed felonies, including aggravated burglary and aggravated robbery. Thus, the charges of aggravated burglary and aggravated robbery were derived from the charged act that was the basis of the transfer.
 {¶ 43} Additionally, the aggravated murder charge for which appellant was bound over carried with it a specification under R.C.2929.04(A)(7). R.C. 2929.04(A)(7) states that the death penalty may be imposed if it is proved beyond a reasonable doubt that the aggravated murder,
 {¶ 44} "was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."
 {¶ 45} This again demonstrates that the aggravated burglary and aggravated robbery charges arose out of the bound over offense.
 {¶ 46} Thus, in reading R.C. 2151.23(H) along with the case law above regarding juveniles who are bound over to the general division of the common pleas court, the trial court had jurisdiction to accept appellant's guilty pleas on the charges of aggravated burglary and aggravated robbery. Hence, appellant's fourth assignment of error is without merit.
 {¶ 47} For the reasons stated above, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.