[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} On January 25, 2002, relator, R.W. Sidley, Inc., filed this original action requesting that this court issue a writ of prohibition ordering respondent, Judge Dale A. Crawford, to refrain from staying the execution of a confirmed arbitration award entered in Franklin County Court of Common Pleas case No. 91CFH09-9080. Relator also requests that this court issue a writ of procedendo ordering respondent to journalize his decision confirming the arbitration award in the above-cited common pleas court action. Further, relator requests that this court issue a writ of mandamus ordering respondent, John O'Grady, Franklin County Clerk of Courts, to journalize the common pleas court's November 20, 2001 decision as a judgment entry.
 {¶ 2} Relator's complaint was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. After reviewing the record, the magistrate rendered a decision and recommendation which includes comprehensive findings of fact and conclusions of law. Therein, the magistrate concluded that respondent Judge Crawford had discretion to stay enforcement of the arbitration award pursuant to Civ.R. 62(E) and 54(B) and R.C. 2711.09 upon a finding that respondent, Corna/Kokosing Construction Company ("Corna/Kokosing") maintained a cause of action which needed to be resolved before the obligations between respondent Corna/Kokosing and relator could be fully determined. The magistrate further concluded that relator is not entitled to a writ of mandamus, as respondent O'Grady does not have discretion to journalize as a judgment entry a decision which respondent Judge Crawford indicates does not terminate the matter. Accordingly, the magistrate concluded that this court should deny relator's petition for writs of prohibition, procedendo and mandamus. Relator has filed objections to the magistrate's decision and recommendation.
 {¶ 3} Having completed our own independent review of the record and relator's objections, we question the magistrate's conclusion that Civ.R. 62(E) and Civ.R. 54(B) authorize respondent Judge Crawford to stay the confirmed arbitration award. Civ.R. 62(E) begins by providing that "[w]hen a court has ordered a final judgment under the conditions stated in Rule 54(B) * * *." Here, respondent Judge Crawford arguably did not enter final judgment on the arbitration award but, rather, refused relator's request to do so.
 {¶ 4} We nonetheless agree with the magistrate's ultimate recommendation that this court should deny relator's petition for the writs of prohibition, procedendo and mandamus. Specifically, if respondent Judge Crawford entered a judgment on the confirmed arbitration award, then Civ.R. 62(E) in conjunction with Civ.R. 54(B) would allow the trial court to stay the arbitration award. If respondent Judge Crawford did not enter a judgment on the arbitration award, relator has presented no authority requiring him to enter a final judgment, especially when the pending matters are so closely related to the matters addressed in the arbitration.
 {¶ 5} Based on the foregoing, we adopt as our own the findings of fact and conclusions of law rendered in the magistrate's decision, with the noted modification, and therefore overrule relator's objections. Accordingly, relator's petition for the writs of procedendo, prohibition and mandamus is denied.
Objections overruled; writs denied.
BRYANT and BROWN, JJ., concur.
 IN MANDAMUS ON PROHIBITION/PROCEDENDO {¶ 6} Relator, R.W. Sidley, Inc., has filed this original action requesting that this court issue a writ of prohibition ordering respondent Judge Dale A. Crawford to refrain from exercising any further authority over the Franklin County Court of Common Pleas case No. O1CVH09-8980, on the basis that Judge Crawford has no jurisdiction to take any further action in the matter because Judge Crawford has affirmed an arbitration award in that case. Relator also requests that this court issue a writ of procedendo ordering respondent Judge Crawford, to journalize his decision affirming the arbitration award in the above cited common pleas court action. Further, relator requests a writ of mandamus ordering respondent John O'Grady, Clerk of Courts, to journalize the trial court's November 20, 2001 decision as a judgment entry.
Findings of Fact:
 {¶ 7} On March 18, 1997, relator and respondent Corna/Kokosing Construction Company ("Corna/Kokosing") entered into a subcontract in which relator was to provide the design, fabrication and erection of the pre-cast concrete structural components and spandrel panels of the Columbus State Community College ("CSCC") Parking Garage. The substantial completion date for the CSCC Parking Garage was scheduled for January 28, 1998.
 {¶ 8} The record is replete with evidence that Corna/Kokosing, the project architect, and other contractors expressed serious concerns with the substandard quality of relator's pre-cast components and the impact which extensive remedial work necessitated that led to relator's repeated failure to meet scheduling deadlines.
 {¶ 9} Although relator acknowledged the substandard quality of their products and repeatedly assured Corna/Kokosing that it would complete its work on time, relator failed to do so.
 {¶ 10} In spite of the problems, the CSCC Parking Garage progressed to the point where CSCC issued a Certificate of Substantial Completion to Corna/Kokosing and accepted beneficial occupancy on January 19, 1998. CSCC attached to the Certificate of Completion an "Incomplete Work List," which set forth items yet to be completed by Corna/Kokosing, many of which related to relator's unfinished remedial work.
 {¶ 11} On February 7, 2000, relator filed a complaint in the Franklin County Court of Common Pleas against Corna/Kokosing, its bonding company, and CSCC seeking to recover the balance of the subcontract which Corna/Kokosing was withholding, impact costs and other damages, plus attorney's fees and interest. See Sidley, Inc. v. Corna/Kokosing Constr. Co. (2000), C.P. No. 00CVH02-1054. The complaint was filed because Corna/Kokosing had refused to pay relator the full contract price due to the substandard quality of relator's products and work on the project.
 {¶ 12} Corna/Kokosing demanded that the matter be submitted to arbitration pursuant to the subcontract and respondent Judge Crawford stayed the proceedings during the pendency of the arbitration.
 {¶ 13} Corna/Kokosing and relator proceeded to arbitration on Corna/Kokosing's claims against relator for back charges, delayed damages, impact costs, interest, attorney's fees, expenses and payment for relator's base subcontract and remedial work that Corna/Kokosing was now required to complete for relator. Corna/Kokosing also sought payment by relator for the cost of extraordinary future repairs to the pre-cast structure of the garage that would be required as a result of relator's failure to provide pre-cast product for the project in compliance with the plans and specifications so that CSCC would issue its Certificate of Final Completion and allow the project to be closed.
 {¶ 14} The arbitrators reached a decision on September 7, 2001. Ultimately, the arbitration panel concluded as follows: (1) with regards to Corna/Kokosing's claims for future repairs and maintenance, the arbitrators concluded as follows:
 Upon consideration whereof the panel finds that it is without jurisdiction to consider this element of C/K's claim and expressly declines to do so, reserving the same for future determination by a court or other tribunal having jurisdiction over the subject matter and the real parties in interest.
(2) the arbitration panel concluded that relator owed to Corna/Kokosing the amount of $144,220 which represented damages related to the poor quality of relator's work, relator's untimely performance of the contract, and relator's performance/nonperformance of the contract; and (3) the arbitration panel concluded that Corna/Kokosing owed to relator $352,160 as the balance on the contract, $27,383 for extra work, and $104,332 in interest for a total of $483,875. Once the arbitrators subtracted the amount that relator owed to Corna/Kokosing, the arbitrators found that Corna/Kokosing owed to relator the sum of $339,655.
 {¶ 15} On September 14, 2001, Corna/Kokosing filed a complaint for declaratory relief asking the trial court to determine only the issues which the arbitration panel expressly refused to decide. See Corna/Kokosing Constr. Co. v. R.W. Sidley, Inc. (2001), C.P. No. 01CVH09-8980. Corna/Kokosing also filed a motion to vacate the arbitration award or, in the alternative, stay execution of the arbitration award. On November 8, 2001, relator opposed the motion to vacate/stay filed by Corna/Kokosing and filed an application for an order confirming the arbitration award.
 {¶ 16} On November 20, 2001, respondent Judge Crawford denied Corna/Kokosing's motion to vacate the arbitration award and granted relator's application to confirm the arbitration award. However, Judge Crawford granted Corna/Kokosing's motion to stay execution of the arbitration award upon a finding that Corna/Kokosing's mandatory claims for future damages and repairs needed to be resolved by the trial court. As such, respondent did not journalize the arbitration award and indicated that it would not do so until the termination of the case and after the stay had been lifted.
 {¶ 17} On December 3, 2001, relator filed a motion for judgment on the pleadings and a motion to lift the stay of execution of the confirmed arbitration award.
 {¶ 18} On June 15, 2002, relator filed a motion for an order declaring the stay void.
 {¶ 19} Corna/Kokosing filed a memorandum contra to relator's motion for judgment on the pleadings and motion to lift the stay as well as a memorandum contra to relator's motion for an order to declare the stay void.
 {¶ 20} On February 8, 2002, respondent Judge Crawford issued a decision denying relator's motions for judgment on the pleadings and to lift the stay as well as relator's motion for an order declaring the stay void. In that decision, Judge Crawford cited Civ.R. 62(E) and 54(B) as authority for the prior decision confirming the arbitration award but staying execution of the award pending the resolution of Corna/Kokosing's remaining claims against relator.
 {¶ 21} Thereafter, relator filed the instant action in this court seeking a writ of prohibition ordering Judge Crawford to refrain from exercising any further jurisdiction in the case inasmuch as Judge Crawford confirmed the arbitration award and Corna/Kokosing failed to appeal that decision in a timely manner. Relator also seeks a writ of procedendo ordering Judge Crawford to forthwith journalize the decision confirming the arbitration award.
Conclusions of Law:
 {¶ 22} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for writs of prohibition, procedendo and mandamus.
 {¶ 23} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, a relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 24} In order to be entitled to a writ of procedendo, relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 25} In the present case, the trial court indicated that it was staying the execution of the arbitration award until the court had the opportunity to resolve Corna/Kokosing's mandatory claim for future damages and repairs involving both relator and CSCC. Civ.R. 62(E) provides as follows:
 Stay of judgment as to multiple claims or multiple parties
 When a court has ordered a final judgment under the conditions stated in Rule 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.
 {¶ 26} Civ.R.54(B) provides as follows: Judgment upon multiple claims or involving multiple parties
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgments as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 27} In looking at the above quoted rules, it appears obvious that the trial court had discretion to stay enforcement of the arbitration award upon a finding that Corna/Kokosing had a cause of action which needed to be resolved before Corna/Kokosing's and relator's obligations to each other could be fully determined. Because Civ.R. 62(E) and 54(B) provide that the trial court may stay the enforcement of a judgment when their are multiple claims or when the claims involve multiple parties, relator has not established a clear legal right to either a writ of prohibition or a writ of procedendo.
 {¶ 28} Relator contends that by issuing a decision affirming the arbitration award, the trial court has necessarily divested itself of any further jurisdiction. However, Civ.R. 62(E) specifically states that "[w]hen a court has ordered a final judgment under the conditions stated in Rule 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." Clearly, by application of Civ.R. 62(E) itself, the trial court has not been automatically divested of jurisdiction in the matter simply because the trial court indicated that the arbitration award was affirmed.
 {¶ 29} Relator cites Coover Construction Co., Inc. v. Johnson (1983), Franklin App. No. 83AP-235, in support of its position that the trial court was confused when it assumed that it had jurisdiction to act. However, the Coover Construction case is inapplicable to this case.
 {¶ 30} In Coover Construction, the contractor filed an action in the Franklin County Court of Common Pleas for unpaid funds against the owner of a project. That action was stayed pending arbitration to determine the merits of the dispute. However, the court specifically retained subject matter jurisdiction over the money damages claim. After the arbitration panel issued an award in favor of the contractor, the owners filed a motion to vacate or amend the arbitration award in the Delaware County Court of Common Pleas. The contractor also filed a motion to confirm the arbitration award in Franklin County. The motion to confirm the arbitration award filed in Franklin County was granted. The owners argued that the matter should be decided in Delaware County; however, the court of appeals rejected the owners' argument. The court explained that since Franklin County already had jurisdiction over the matter as the court in which the original action was filed, Delaware County had no jurisdiction over the arbitration award. As such, the issue in Coover Construction involved questions of priority of jurisdiction which are not raised here.
 {¶ 31} Relator quotes from a portion of the concurring opinion in the Coover Construction case; however, it is inapplicable to the present case. In his concurring opinion, Judge Alba Whiteside stated that he agreed that Franklin County rather than Delaware County had jurisdiction; however, Judge Whiteside reached this conclusion for different reasons. Judge Whiteside stated that Franklin County had jurisdiction, not because of the previously filed case, but, rather, because Franklin County was where the contractor first filed and served its application to confirm the arbitration award. Judge Whiteside noted that the application for confirmation of the arbitration award was a separate action and that no court had jurisdiction until it was filed and served. No where in his concurring opinion did Judge Whiteside express an opinion concerning the potential impact of other claims which might exist in relation to a particular arbitration award.
 {¶ 32} In the present case, the parties had dismissed the original action which relator had filed against Corna/Kokosing pending arbitration. Once the arbitration was completed, Corna/Kokosing filed a motion to vacate the arbitration award on the basis that the arbitrators had failed to resolve all the issues while relator filed a motion to affirm the arbitration award. In this second action, the trial court clearly had jurisdiction. In the present case, relator does not contend that Corna/Kokosing does not have a viable cause of action against relator except to express an opinion that such damages are hypothetical. The dicta in Coover Construction offers no insight as to the extent of a trial court's authority and discretion in circumstances such as those present in the instant action.
 {¶ 33} Relator also argues that the trial court lacks statutory authority to stay the execution of the arbitration award pursuant to R.C. 2711.09, which states as follows:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
 {¶ 34} In the present case, Judge Crawford had confirmed the arbitration award and indicated that the judgment will be entered thereon after the other issues are resolved. R.C. 2711.09 does not indicate that the trial court cannot postpone the entering of judgment. The stay has not affected the merits of the arbitration award.
 {¶ 35} In the decision confirming the arbitration award, the trial court acted under the authority of Civ.R. 54(B) and 62(E). These rules provide the basis for the trial court's action and indicate that the trial court did indeed have both authority and discretion to issue the stay upon the findings that there were other claims to be resolved.
 {¶ 36} Relator also cites Enyart v. Columbus Metropolitan Area Community Action Organization (1996), Franklin App. No. 96APE06-790, for the proposition that if the stay order ever had any vitality, the stay is now void because this court has held that a stay order is interlocutory when the object of the stay is subject to an appeal. However, in the present case, Corna/Kokosing does not disagree with the decision reached by the arbitrators as to the matters actually decided. Those issues would be appealable if Corna/Kokosing had a reason to challenge that decision. Instead, nothing in Corna/Kokosing's brief indicates any intent or reason to appeal from the arbitrator's award. Instead, as stated previously, the problem in the present case is that Corna/Kokosing arguably will be responsible to CSCC as the general contractor of the project to either repair the poor work which relator did not perform to standards or to pay CSCC a certain amount of money because the parking garage will not last as long as it should have due to relator's substandard work. That issue, which the trial court has indicated is a mandatory claim, has not yet been decided. Furthermore, the trial court had expressly indicated that the confirmation of the arbitration award would not be journalized until the case was terminated and after the stay had been lifted. As such, at this point and time, there is nothing for Corna/Kokosing to appeal and Enyart is completely inapplicable.
 {¶ 37} Relator also seeks a writ of mandamus ordering John O'Grady, Clerk of Courts, to journalize the trial court's November 21, 2001 decision confirming the arbitration award.
 {¶ 38} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 39} As stated previously, the trial court confirmed the arbitration award but stayed execution of the award until the resolution of Corna/Kokosing's claim for future maintenance and repairs. The clerk's duties are ministerial and the clerk does not have the discretion to journalize as a judgment entry a decision which the trial court itself indicates does not terminate the matter. Relator is not entitled to the requested writ of mandamus.
 {¶ 40} Based on the foregoing, this magistrate finds that relator has not demonstrated a clear legal right to the requested writs of prohibition, procedendo or mandamus in the present case. As such, it is this magistrate's decision that this court should deny relator's request in its entirety.