DECISION
{¶ 1} Relator, Michael Allen, has filed an original action requesting that this court issue a writ of prohibition prohibiting respondents, Franklin County Court of Common Pleas, Franklin County Prosecuting Attorney, and the Ohio Department of Rehabilitation and Correction ("ODRC"), from exercising jurisdiction over him. The Franklin County Court of Common Pleas and the Franklin County Prosecuting Attorney filed a motion for summary judgment. ODRC filed a motion to dismiss.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that the motion for summary judgment and the motion to dismiss should be granted. No objections have been filed.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the file, this court finds that the magistrate has correctly determined the pertinent facts and applied the relevant law to those facts. Thus, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.
 {¶ 4} In accordance with the magistrate's recommendation, we hereby grant the motion for summary judgment and the motion to dismiss.
Motion for summary judgment granted; motion to dismissgranted.
Brown and McGrath, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Michael Allen, : :
Relator, : :
v. : No. 04AP-1206 :
Franklin County Court of Common Pleas : (REGULAR CALENDAR) et al., : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on December 15, 2004 Michael Allen, pro se.
Ron O'Brien, Prosecuting Attorney, and Jeffrey L. Glasgow,
for respondents.
Jim Petro, Attorney General, and Jerri L. Fosnaught, for respondent Ohio Department of Rehabilitation and Correction.
 IN PROHIBITION ON MOTIONS {¶ 5} Relator, Michael Allen, has filed this original action requesting that this court issue a writ of prohibition prohibiting respondents, Franklin County Court of Common Pleas, Franklin County Prosecuting Attorney, and the Ohio Department of Rehabilitation and Correction ("ODRC"), from exercising jurisdiction over him.
Findings of Fact:
 {¶ 6} 1. Relator is an inmate currently incarcerated in the Chillicothe Correctional Institution.
 {¶ 7} 2. By entry of the Franklin County Court of Common Pleas, relator appeared on December 14, 2001, represented by counsel, and pled guilty to two counts of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of sexual battery, in violation of R.C. 2907.03, a felony of the third degree. Relator was sentenced to a term of ten years in the custody of ODRC.
 {¶ 8} 3. On March 1, 2002, relator filed a notice of appeal from the judgment of the trial court journalized on December 21, 2001. Because the appeal was not timely filed, it was sua sponte dismissed by this court by journal entry of dismissal journalized April 17, 2002.
 {¶ 9} 4. On November 5, 2004, relator filed the instant writ of prohibition. It appears that relator is, in part, challenging respondent Franklin County Prosecuting Attorney's authority to have prosecuted him in the first instance. It also appears that relator is challenging the authority of ODRC to incarcerate him after trial. Finally, it appears that relator is challenging the authority of respondent Franklin County Court of Common Pleas to have held a hearing, convicted and sentenced him by entry journalized December 21, 2001.
 {¶ 10} 5. Respondents have filed a motion for summary judgment.
 {¶ 11} 6. Summary judgment letters were mailed; however, relator has not responded to respondents' motion.
 {¶ 12} 7. Respondents' motion for summary judgment is currently before the magistrate for determination.
 {¶ 13} 8. After the matter was submitted to the magistrate, respondents filed a motion to dismiss.
Conclusions of Law:
 {¶ 14} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 15} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 16} As noted at the outset, prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. Relator must show that respondents are about to exercise judicial or quasi-judicial powers, the exercise of that power is unauthorized by law, and that denial of the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. With regard to respondents Franklin County Prosecuting Attorney and ODRC, the magistrate takes judicial notice of the fact that these are neither courts nor tribunals, nor has relator averred that they are about to exercise judicial or quasi-judicial powers. As such, summary judgment in favor of these two respondents is clearly warranted.
 {¶ 17} Furthermore, with regard to respondent Franklin County Court of Common Pleas, this respondent is clearly a court and this court would have jurisdiction to issue a writ of prohibition against this respondent if it were warranted. However, the actions challenged by relator have already taken place. Nothing in relator's complaint can be construed as alleging that respondent Franklin County Court of Common Pleas is about to exercise any judicial power in his criminal case. As such, summary judgment is clearly warranted in favor of this respondent as well.
 {¶ 18} Respondents have also filed a motion to dismiss, this magistrate notes that the granting of that motion would also be appropriate. Based upon the above facts and law, it is clear from the face of relator's complaint that he is not entitled to the relief he seeks.
 {¶ 19} Based on the foregoing, it is this magistrate's decision that respondents are all entitled to summary judgment as a matter of law. This court should grant summary judgment in their favor and should thereafter dismiss relator's complaint.