**STATE, ex rel. NOVACK, Plaintiff, v. ECKLE, Supt., et, Respondents.**

Ohio Appeals, Second District, Madison County.

No. 207.   Decided July 12, 1956.

Cecile Shapiro, Columbus, for plaintiff.

C. William O'Neill, Atty. Genl., John W. Shoemaker, Asst. Atty. Genl., Columbus, for respondents.

**OPINION**

By THE COURT:

This is an original action in this Court wherein the petitioner is

seeking his release from imprisonment in the Ohio Penitentiary and/or London Prison Farm on a writ of habeas corpus for the following reasons which have been well epitomized by counsel for the respondents:

(1) There was no waiver of jury trial.

(2) There were not three judges to try the cause or pronounce sentence as provided for in §13442-5 GC.

(3) The term of sentence on the first count of the indictment is too indefinite and not according to law.

(4) Two sentences were imposed for but a single act.

(5) He has not been given a hearing for parole on the sentence on the second count—which was the only lawful sentence pronounced upon him.

(6) His constitutional rights have been infringed in the ways set forth in the above sections of this paragraph.

We understand that subsequent to the service of process upon the Superintendent of the London Prison Farm the petitioner was transferred to the Ohio Penitentiary and by agreement of counsel, Warden Alvis has been made a party defendant and filed a return in which he states that he has the prisoner in his custody in the Ohio Penitentiary pursuant to a certain mittimus issued by the Court of Common Pleas of Fayette County, Ohio.

The record reveals that the petitioner was indicted on two counts: (1) Kidnapping; (2) Armed robbery, to wit:

"The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that NICHOLAS NOVACK, on the 23d day of October, 1946, at the County of Fayette aforesaid did unlawfully, wilfully, maliciously and forcibly did take and carry away one Dominic Guliano for the purpose of extorting from him the said Dominic Guliano, money, goods or chattels of the value of $1700 with the intent then and there and thereby to extort from the said Dominic Guliano the said money, goods or chattels as aforesaid.

"SECOND COUNT: The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Nicholas Novack on the 23rd day of October, 1946, at the County of Fayette aforesaid did in and upon the boyd [sic.] of one Dominic Guliano, unlawfully and forcibly, and while armed with a dangerous weapon, to wit, a revolver, did make an assault and then and there did steal, take and carry away of the value of $1700 the personal property of the said Dominic Guliano, from the person against the will of the said Dominic Guliano, unlawfully, forcibly, by violence and by putting in fear the said Nicholas Novack, did steal, take and carry away, with intent then and there the personal property aforesaid unlawfully to steal, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The judgment entry recites that the plea of not guilty was retracted and that a plea of guilty was entered to both counts. The following sentence was thereupon pronounced:

"It is, therefore, considered, adjudged and decreed by the court that

the defendant, Nicholas Novack, under the first count in said indictment, be imprisoned in the Penitentiary of the State and kept at hard labor without any solitary confinement for a period of not less than twenty years;

"And that it is, therefore, considered, adjudged and decreed by the court that the said defendant, Nicholas Novack, under the second count in said indictment be imprisoned in the Penitentiary of the State and kept at hard labor without any solitary confinement for a period of not less than ten nor more than twenty-five years;

"It is further ordered by the court that the sentence in both counts run concurrently; and that the defendant pay the costs of the prosecution in said action for which execution is awarded."

It appears that no written waiver of a jury trial was signed by the petitioner and for this reason it is urged that the Court was without jurisdiction to pronounce sentence. This conclusion is not in accordance with the case of **State, ex rel. Scott v. Alvis, 156 Oh St 387.** Here the Court said at page 391:

"In the absence of a statute to the contrary, where accused enters a plea of guilty or of **nolo contendere** the court has the power and duty to pronounce judgment or sentence as though a verdict of guilty had been found against him, and with the same effect. A judgment so rendered is not violative of accused's constitutional right of trial by jury."

See also **State, ex rel. Evans v. Eckle, 163 Oh St 122.**

It is next urged that the petitioner was charged with a capital offense and that upon a plea of guilty being entered it was necessary that the degree of the same be determined by a court consisting of three judges as provided in §13442-5 GC (§2945.06 R. C.). The indictment was returned under §12427 GC (§2901.27 R. C.) which imposes the death penalty upon a conviction for kidnaping, subject, however, to the following exception:

"* * * if the person so abducted or kidnaped has been liberated unharmed prior to the commencement of the trial, the said person so convicted shall be imprisoned in the penitentiary for not less than twenty years."

The question presented here does not become vital for the reason that is is obvious that the court gave the petitioner every benefit that he could have received if a jury or three member court had been permitted to pass upon the question. There was no factual issue for determination by such a court which would sit in lieu of a jury. When all of the pertinent facts were admitted, the question became one of law for the determination of the Court. The petitioner was therefore deprived of none of his constitutional rights or lawful privileges.

We find no merit in any of the other claims advanced by the relator; hence the relief prayed for will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.