The STATE of Ohio, Appellee,

v.

CARLEY, Appellant.

[Cite as *State v. Carley* (2000), 139 Ohio App.3d 841.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76885.

Decided Sept. 25, 2000.

842

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Michael S. Nolan,* Assistant Prosecuting Attorney, for appellee.

*Marco, Marco & Bailey* and *Mary Beth Corrigan;* and *Richard E. Carley, pro se.*

KENNETH A. ROCCO, Judge.

Defendant-appellant Richard E. Carley appeals from his convictions after entering guilty pleas to two counts of aggravated murder with mass murder and felony murder specifications.

Appellant challenges the acceptance by the trial court three-judge panel of his guilty pleas because of the panel's failure to comply with several of the requirements set forth in R.C. 2945.06. Appellant further argues that his pleas were not knowingly, voluntarily, and intelligently made, contending both that the trial court panel's compliance with Crim.R. 11(C) was inadequate and that his trial counsel rendered ineffective assistance.

After an examination of the record, this court is compelled to sustain appellant's challenge to the acceptance of his guilty pleas by the three-judge panel, not precisely on the basis of appellant's arguments but, rather, on the basis that the panel lacked subject matter jurisdiction to do so. Appellant's convictions, therefore, must be reversed.

Appellant originally was indicted in October 1997 on charges related to the September 1997 shooting deaths of two men in Cleveland, Ohio. The indictment alleged six counts against appellant as follows: two counts of aggravated murder, R.C. 2903.01(A) (murder committed with prior calculation and design), both counts containing two firearm specifications, a mass murder specification, and a felony murder specification; two counts of aggravated murder, R.C. 2903.01(B) (felony murder), both counts containing two firearm specifications, a mass murder specification, and a felony murder specification; and two counts of aggravated robbery, R.C. 2911.01, both counts containing two firearm specifications.

At his arraignment, appellant entered a plea of not guilty to the charges. His case duly was assigned to a trial judge for further proceedings.

Although appellant initially retained counsel to represent him, subsequent to his waiver of his right to a speedy trial,[1] appellant's original counsel requested permission to withdraw from the case due to appellant's inability to pay for the representation. The trial court granted that request and, in view of appellant's indigency, appointed new counsel.

Thereafter, the prosecutor's efforts to come to a plea agreement with appellant proved futile, in spite of the fact that, after conducting a hearing on his motion to suppress the evidence of his written confession to the murders, the trial court overruled appellant's motion. The trial court, therefore, commenced voir dire of prospective jury members for appellant's trial.

---

1. The signed waiver form is contained in the record on appeal.

The trial court had not yet concluded this process, however, when the prosecutor and the defense attorneys notified the trial court that a plea agreement had been reached. In consequence, the administrative judge of the Cuyahoga County Common Pleas Court issued an order[2] pursuant to R.C. 2956.06[3] appointing the trial judge and two other judges of the court "to serve on a 3 judge panel" to consider appellant's plea.

The trial court panel thereupon assembled. Initially, the panel permitted the prosecutor to present the substance of the plea agreement.

The prosecutor indicated that appellant would enter pleas of guilty to only the felony murder counts. The prosecutor further stated that although the capital murder specifications would remain in the indictment, the agreed penalty would not be death but, rather, a sentence of concurrent terms of "30 full years to life" imprisonment on the two charges.

The panel proceeded to conduct a colloquy with appellant pursuant to Crim.R. 11(C), requested his plea to the charges, which was "guilty," then heard the prosecutor's "presentation of evidence."

The prosecutor's evidence consisted of the following: (1) the coroner's autopsy reports relating to the two shooting victims; (2) appellant's written confession via the testimony of one of the investigating police detectives; together with (3) the detective's testimony that (a) the pager of one of the victims indicated that appellant had contacted the victim three times on the day of the shootings and (b) a search of appellant's home pursuant to a warrant led to the discovery of drugs, which corroborated appellant's confession.[4]

---

2. The order was dated February 24, 1998, and filed for journalization on March 23, 1998. Since the record reflects that the plea agreement was not reached until the afternoon of February 25, 1998, it may be assumed the order was misdated.

3. R.C. 2945.06 states:

"*In any case in which a defendant waives his right to trial by jury* and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to *hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges,* consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, * * * *If the accused pleads guilty of* [sic] *aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.* * * *"* (Emphasis added.)

4. The detective also testified at the hearing on appellant's motion to suppress evidence that one of appellant's fingerprints was present in the vehicle in which the dead victims were found.

Thereafter, the panel made a "finding of guilt" and accepted appellant's "plea of guilt to both offenses of aggravated murder with [capital] specifications under the third and fourth counts of the indictment." The panel dismissed the remaining charges and specifications.

The panel then accepted the parties' "stipulation" that the "aggravating specifications contained within the body of each counts [sic] of the indictment relating to mass murder and felony murder do not outweigh by evidence beyond a reasonable doubt claimed factors in mitigation." Subsequently, the panel sentenced appellant to concurrent terms of life imprisonment without possibility of parole for thirty years.

Only two months later, in April 1998, appellant, acting *pro se*, filed a motion to withdraw his pleas. The judge originally assigned to appellant's case issued an order denying appellant's motion.

In September 1998, appellant filed a petition for postconviction relief. One month later, the same originally assigned trial court judge denied appellant's petition. The judge's order further essentially advised appellant to file a direct appeal of his convictions.

Appellant's first attempt to follow the trial judge's advice was dismissed as untimely pursuant to App.R. 4(A). Subsequently, this court granted appellant's request to file a delayed appeal of his convictions.

■ Appellant presents five assignments of error for review in this appeal.[5] Nevertheless, this court need not directly address them since the record demonstrates that the trial court panel lacked subject matter jurisdiction in this case.

■ The Ohio Supreme Court has "consistently required strict compliance with Ohio statutes when reviewing the procedures [used by the trial court] in capital cases." *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867, 876–877; see, also, *State v. Green* (1998), 81 Ohio St.3d 100, 103, 689 N.E.2d 556, 558–559. Moreover, the trial court's strict compliance with the requirements of both R.C. 2945.05 and 2945.06 is a "jurisdictional matter" that "cannot be waived." *Filiaggi* at 239, 714 N.E.2d at 876; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus.

The trial court panel in this case proceeded to consider appellant's decision to enter into a plea agreement pursuant to R.C. 2945.06. With regard to this statute, the Supreme Court has most recently observed as follows:

■ "R.C. 2945.06 does not require an examination of witnesses, determination of guilt, and pronouncement of sentence *by a three-judge court if the accused*

---

5. Appellant's assignments of error are attached as an appendix to this opinion.

*is not charged with an offense punishable by death. Ullman v. Seiter* (1985), 18 Ohio St.3d 59, 18 OBR 92, 479 N.E.2d 875. In this regard, R.C. 2945.06 must be construed *in pari materia* with Crim.R. 11(C). *State v. Green* (1998), 81 Ohio St.3d 100, 104, 689 N.E.2d 556, 559. *At the time [the defendant] pled guilty, his indictment had been amended* to delete any death-penalty specification. Therefore, neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination *by a three-judge panel* because [the defendant] was *no longer charged with an offense punishable by death at the time he entered his guilty plea.*" (Citation omitted and emphasis added.) *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543, 544–545, 721 N.E.2d 1051, 1052–1053.

In contrast to *Henry,* however, at the time appellant entered his pleas in this case, both counts still contained death penalty specifications. Indeed, the prosecutor took pains to place this fact on the record. Notably absent from the record in this case is any indication that appellant waived his right to a jury trial, pursuant to R.C. 2945.05, prior to the appointment of the three-judge panel.

The Supreme Court in *Henry* construed the fourth sentence of R.C. 2945.06. However, the first sentence of that statute limits its applicability to those cases in which a defendant has waived his right to a trial by jury in accordance with R.C. 2945.05. *State v. McCoy* (1969), 26 Ohio App.2d 62, 55 O.O.2d 86, 269 N.E.2d 51, paragraph one of the syllabus; *State ex rel. Henry v. McMonagle* (June 3, 1999), Cuyahoga App. No. 75464, unreported, at 5, 1999 WL 359204; cf. *State ex rel. Novack v. Eckle* (App.1956), 77 Ohio Law Abs. 185, 148 N.E.2d 529.

The decision in *State v. McCoy, supra,* was cited by the Supreme Court in *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, to illustrate the proposition that "R.C. 2945.05 and R.C. 2945.06 *must* be read in context and * * * regulate not only the procedure, but also the *jurisdiction* of the trial court." (Emphasis added.) *Id.* at 660, 653 N.E.2d at 703, and fn. 1.

■ Subsequently, in *Pless,* the application of *Larkins* was limited to require only that, in order to remedy a trial court's failure to comply with the requirements of R.C. 2945.05, a defendant must file a direct appeal.

■ Appellant's delayed appeal of his convictions has met that requirement in this case. Moreover, the issue of a trial court's jurisdiction is one that may be raised at any time. A review of the relevant case law fails to provide another single instance of a trial court panel assuming jurisdiction of a capital case in the absence of a written waiver by the defendant of his right to a jury trial. *State v. Pless, supra; State v. Filiaggi, supra; State v. Green, supra;* see, also, *State v. Staton* (Dec. 22, 1997), Butler App. No. CA–97–08–0156, unreported, 1997 WL 786201. Cf. *State ex rel. Henry v. McMonagle, supra; State v. Perkins* (June 22,

2000), Cuyahoga App. No. 76321, unreported, 2000 WL 804618; *State v. Shakoor* (Dec. 13, 1996), Trumbull App. No. 93–T–4917, unreported, 1996 WL 788413.

Appellant signed no waiver of his right to a jury trial in this case as required by R.C. 2945.05 and 2945.06. Without strict compliance with the requirements of R.C. 2945.05 and 2945.06, the trial court panel lacked jurisdiction to consider appellant's plea to the capital offenses with which he was charged.

Appellant's convictions, therefore, must be reversed.

The judgment cause is reversed and the cause is remanded to the lower court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

ANNE DYKE, A.J., and KARPINSKI, J., concur.

## APPENDIX

### Assignment of Error No. 1

The trial court erred when it accepted appellant's guilty plea without examining the witnesses, determining whether the accused is guilty of aggravated murder or any other offence [sic] before pronouncing sentence in violation of Ohio Revised Code Section 2945.06 and appellant's rights to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

### Assignment of Error No. 2

The trial court erred when it failed to properly journalize a finding of guilty with regard to appellant's conviction in violation of Ohio Revised Code Section 29[45].06 and Ohio Rule of Criminal Procedure 11, thereby resulting in an invalid conviction and a violation of appellant's rights to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

### Assignment of Error No. 3

The appellant's guilty plea was invalid and his due process rights were violated where the trial court failed to require the appellant to separately plead guilty to the specifications in his indictment in violation of his Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution.

848

### Assignment of Error No. 4

The appellant's guilty plea was invalid and his due process rights were violated where the trial court failed to fully inform the appellant of and determine that the appellant understood the effect of the pleas of guilty in violation of his Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution.

### Assignment of Error No. 5

The appellant's guilty plea was invalid and unknowingly made where he received ineffective assistance of counsel before, and during his plea proceedings[,] in violation of his sixth and Fourteenth Amendment rights under the Ohio and United States Constitutions.