DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Leroy Levar Anderson, appeals from the judgment of the Summit County Court of Common Pleas which denied his petition for post-conviction relief. We affirm.
 {¶ 2} On October 19, 1994, Defendant was indicted by the Summit County Grand Jury for the following crimes: (1) aggravated murder, with aggravated circumstances and firearm specifications; (2) attempted aggravated murder, with firearm specifications; (3) three counts of aggravated robbery, with firearm specifications; and (4) unlawful possession of a dangerous ordnance, with firearm and physical harm specifications.
 {¶ 3} On October 26, 1994, Defendant pled not guilty to the above charges. Before trial, the State offered Defendant a plea bargain. Pursuant to the agreement, Defendant pled guilty to one count of aggravated murder, one count of attempted aggravated murder, and three counts of aggravated robbery. The remaining charge and all specifications to the counts of the indictment were dismissed.
 {¶ 4} The trial court sentenced Defendant to life in prison for aggravated murder, ten to twenty-five years for attempted aggravated murder, and ten to twenty-five years for each count of aggravated robbery. The trial court also ordered the sentences for aggravated murder and attempted aggravated murder to be served consecutively. Additionally, one sentence for the count of aggravated robbery, was ordered to be served consecutively with the sentence for aggravated murder, and one was to run concurrently with the sentence for attempted aggravated murder.
 {¶ 5} Thereafter, Defendant appealed his convictions to this Court. State v. Anderson (1995), 108 Ohio App.3d 5. On December 13, 1995, the decision of the trial court was affirmed. Defendant then filed an appeal with the Ohio Supreme Court and also an application for reopening which were both denied.
 {¶ 6} On September 17, 2002, Defendant filed a petition for post-conviction relief, pursuant to R.C. 2953.21. The petition was denied. Defendant now appeals asserting one assignment of error for review.
 ASSIGNMENT OF ERROR
"Defendant was denied due process of law to have his case proven beyond a reasonable doubt when his plea of guilty was accepted by a single judge without a determination as to the degree of the offense."
 {¶ 7} In his sole assignment of error, Defendant asserts that the trial court erred in denying his petition for post-conviction relief. More specifically, Defendant maintains that he was denied due process of law when his guilty plea was accepted by only one judge in violation of the requirements of R.C. 2945.06. We disagree.
 {¶ 8} Pursuant to R.C. 2953.21(A)(1), post-conviction relief may only be granted when there has been "a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" A trial court has the discretion to grant or deny a petition for post-conviction relief and an appellate court will not disturb such a decision in the absence of an abuse of discretion. State v. Glynn, 9th Dist. No. 02CA0090-M,2003-Ohio-1799, at ¶ 4. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 9} Although in the past a defendant was permitted to petition for post-conviction relief at any time, as of September 21, 1999, certain time requirements must be followed. See Glynn at ¶ 5, citing R.C.2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2),
"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]"
 {¶ 10} A "savings clause" was included relative to those who were sentenced prior to the amendment's effective date. Section 3 of Senate Bill No. 4 provides:
"A person who seeks postconviction relief pursuant to [R.C.] 2953.21
through 2953.23] with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division [R.C. 2953.21(A)(2)], as amended by this act, or within one year from the effective date of this act, whichever is later." 1995 Ohio S.B. 4, Section 3. See, also, State v. Moore, 8th Dist. No. 82734, 2003-Ohio-4819, at ¶ 13.
 {¶ 11} In the present matter, Defendant was convicted on January 5, 1995, which was prior to the amendment of R.C. 2953.21. Thus, the "savings clause" applies and Defendant was required to have filed his petition for post-conviction relief on or before September 21, 1996, one year from the effective date of the amendment. See 1995 Ohio S.B. 4, Section 3. See, also, Moore at ¶ 14. As Defendant did not file his petition until September 17, 2002, it is untimely and thus subject to the requirements of R.C. 2953.23(A).
 {¶ 12} In order for an untimely petition to be considered, a defendant must demonstrate:
"(1) Either of the following * * *:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
[and]
"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." (Emphasis added.) R.C. 2953.23(A).
 {¶ 13} In the present case, Defendant argues that his conviction is void because a single judge had no jurisdiction to convict and sentence him as allegedly pronounced by the Ohio Supreme Court in Statev. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, at syllabus. However, this argument does not allege the discovery of a new fact or the recognition of a new federal or state right by the United States Supreme Court as required by R.C. 2953.23(A). Moreover, even if Defendant had satisfied the initial requirements under R.C. 2953.23(A), he has failed to demonstrate, much less allege, that "but for constitutional error at trial, no reasonable factfinder would have found" Defendant guilty.
 {¶ 14} Furthermore, even if we were to decide the matter on the merits, Defendant's argument would still fail. Although the Ohio Supreme Court held that "a defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty[,]" R.C. 2945.06 does not require a determination by a three-judge panel when the indictment has been amended to delete any death-penalty specification. Parker at ¶ 10-11; State v. McDerment, 9th Dist. No. 02CA008117, 2003-Ohio-361, at ¶ 20. See, also, State v. Jones, 6th Dist. No. WM-02-012, 2003-Ohio-1037, at ¶ 21-22; State ex rel. Henryv. McMonagle, 87 Ohio St.3d 543, 544-45, 2000-Ohio-477; State v. White, 7th Dist. No. 01-JE-3, 2002-Ohio-5226, at ¶ 12 (stating that "Crim.R. 11(C) allows a single judge to accept a guilty plea to the charge of aggravated murder as long as any specifications are dismissed upon acceptance of a guilty plea").
 {¶ 15} In the present matter, Defendant pled guilty to aggravated murder, attempt to commit aggravated murder, and three counts of aggravated robbery. However, the court's order indicates that "the [trial court] dismissed all of the specifications on all counts[,]" in addition to the charge of unlawful possession of a dangerous ordnance. As such, when the court entered its finding of guilty, Defendant was no longer charged with an offense punishable by death. Consequently, the requirements of R.C. 2945.06 are not applicable and a single judge was able to accept Defendant's plea and sentence him accordingly. Thus, Defendant's assignment of error is overruled.
 {¶ 16} Defendant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, J., and Batchelder, J. Concur.