JOURNAL ENTRY and OPINION
{¶ 1} Appellant Richard Carley appeals from a judgment of the common pleas court entered pursuant to his plea of guilty to two counts of murder with firearm specifications. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. Trial counsel was ineffective under the Sixth andFourteenth Amendments of the U.S. Constitution and the appellant's guilty plea was not knowingly and voluntarily made."
 {¶ 3} "II. Prosecutorial misconduct deprived appellant of a fair trial in violation of the Fourteenth Amendment."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 5} After a jury found Richard Carley guilty of two counts of aggravated murder and robbery with specifications and before his sentence, Richard Carley with his attorneys plea bargained with the State to reduce the charges to two counts of murder with firearm specifications. The trial court accepted the plea bargain and the record showed the trial court advised Carley pursuant to Crim.R. 11(C) and explained all the constitutional rights he was entitled to, in the absence of a plea bargain.
 {¶ 6} Further, the trial court inquired as to any promises, threats, or inducements that Carley's defense attorneys, the prosecutor, or the court may have made to cause him to enter a plea of guilty. At the end of its colloquy with Carley, the court stated: "this court makes a factual finding that you have knowingly, intelligently and voluntarily made these pleas, and this court will accept them."[1] The court accepted Carley's guilty plea to two counts of murder with firearm specifications and sentenced him to the agreed upon term of thirty-three years to life imprisonment.
 {¶ 7} We note the record showed the evidence against Carley consisted of the coroner's autopsy reports of the two victims, Carley's written confession, Carley's fingerprint found in the vehicle of one of the victims, one of the victim's pagers with three calls from Carley, which were placed on the day of the shooting, and drugs found at Carley's home.[2]
 {¶ 8} Carley appeals his second conviction and claims his plea should be vacated because his lawyers were ineffective. Specifically, he argues one of his appointed counsels was not certified to handle death penalty cases; during the trial, his lawyers failed to object to the prosecution's use of the term "mass murder"; his lawyers failed to prepare for the mitigation phase of his trial; his lawyers failed to call a psychologist to explain why his confession was false; and his lawyers were ineffective for failing to move to suppress his confession because the confession was obtained 72 hours after his arrest. It is important to note Carley was arrested on Friday, October 3, 1997 and his written confession was taken on Monday, October 6, 1997.
 {¶ 9} In his first assigned error, Carley argues his plea was invalid because of the various allegations of ineffective assistance of counsel. The issue before us is whether Carley waived these errors when he entered his plea after his jury trial, in which he was convicted, and before his sentence.
 {¶ 10} The law in Ohio is "a plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v.Alabama (1969), 395 U.S. 238, 243."[3]
 {¶ 11} The facts of this case are strikingly similar toState v. Kelly. After a jury convicted Kelly of murder with a three-year gun specification, but prior to sentencing, Kelly entered a plea of guilty to the charge of involuntary manslaughter, without the gun specification. Included in the plea negotiation, Kelly agreed to forgo his right to appeal. After reviewing the plea, the trial court concluded Kelly willingly waived the right. Kelly subsequently appealed and this court reversed and remanded. The State appealed to the Ohio Supreme Court. The Ohio Supreme Court reversed this court and remanded to the trial court for execution of sentence. In doing so, the court observed "we do not foreclose an appellate court from reviewing other proceedings which affirmatively show that a defendant was improperly coerced into submitting his plea. However, we note under App.R. 12(A), the court of appeals' inquiry is limited to the record on appeal and cannot address issues which were previously waived by the defendant."[4]
 {¶ 12} Consequently, "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson (1970),397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763."[5]
 {¶ 13} In Spates, the Ohio Supreme Court made it clear that our inquiry should entail a review of the record to ensure that Crim.R. 11 was followed by the trial court upon the submission of the defendant's guilty plea; the Supreme Court of Ohio pointed out that this was its holding in State v. Kelly.[6]
 {¶ 14} Accordingly, we have reviewed the record in Carley's case and concluded the trial court complied with Crim.R. 11, and Carley has failed to establish affirmatively that he was coerced or induced into making his plea. Additionally, he has not shown that any of his claimed errors induced or coerced him into entering the plea. The effect of Carley's plea was to waive all errors that may have taken place at his trial.[7]
 {¶ 15} Nevertheless, Carley, relying on the United States Supreme Court case, Riverside Cty. v. McLaughlin, argues his pre-trial confession was tainted because it was taken beyond 48 hours and his lawyers failed to notice this error and as such were ineffective. Although we conclude that this error was waived as well,[8] we feel compelled to address Carley's argument that the delay in bringing him before the magistrate tainted his written confession and should be excluded.
 {¶ 16} In McLaughlin, the United States Supreme Court was asked to define the term "prompt" as used in its Gerstein v.Pugh opinion.[9] In Gerstein, the United States Supreme Court held the Fourth Amendment requires a "prompt" judicial determination of probable cause as a pre-requisite to an extended pre-trial detention following a warrantless arrest. InMcLaughlin, California had a statute similar to Ohio's Crim.R. 4(E)(2), which required an arrestee held without a warrant to be brought before a magistrate without unnecessary delay. The county of Riverside had developed a policy combining its probable cause hearings and arraignments, and required arraignments to be conducted within two days of arrest.
 {¶ 17} The United States Supreme Court ultimately held theFourth Amendment did not compel an immediate hearing, as the dissent advocated, but held the Fourth Amendment required a reasonable time frame for a hearing. The Court focused on balancing law enforcement's needs and the arrestee's liberty and concluded generally 48 hours was reasonable. The Court remanded the case for a factual under-standing of the practice. At no time did it hold as a matter of law that a delay beyond the 48 hours constituted a violation of the Constitution and any evidence seized during the delay was subject to the exclusionary rule.
 {¶ 18} We note in McLaughlin the arraignment policy required the exclusion of weekends and holidays. Consequently, Friday and Monday would constitute 48 hours. We note this because Carley was held over a weekend and ordinarily weekends would be excluded.
 {¶ 19} Carley's argument that counsel was ineffective hinges on his lawyer's open court statement that he believed the police could detain an arrestee for 72 hours. Carley urges us to conclude that this constitutes deficient representation underStrickland v. Washington[10] and as such, he was prejudiced because the confession was the sum total of the State's case. We are unpersuaded. Had Carley argued that during the delay, he was coerced, violated, or intimidated into the confession, we would be of a different mind set. However, Carley has not hinted, suggested, or argued coercion. Instead, he argued had he been brought before a magistrate within the 48-hour period, he would have been appointed counsel, who would have urged him to remain silent. Carley's argument does not establish prejudice.
 {¶ 20} Additionally, no court has invoked the exclusionary rule for Crim.R. 4(E)(2) unnecessary delay when the confession is voluntary and not coerced.[11] Delay is only one of the relevant factors to be considered in determining the voluntariness of an accused's statement.[12] In State v.Tyes,[13] this court reached the same conclusion and held the Fourth Amendment does not require the automatic exclusion of a statement which is otherwise voluntary and not coerced.
 {¶ 21} We recognize that McLaughlin stands for the proposition that a delay beyond 48 hours is presumptively unreasonable.[14] In Powell v. Nevada, the U.S. Supreme Court did allow for the State to rebut the presumption of unreasonableness when the detention was beyond 48 hours. The U.S. Supreme Court remanded that case for determination of various issues; primarily to determine the appropriate remedy for such a delay. The United States Supreme Court held a violation ofMcLaughlin's 48-hour rule does not necessarily require the release or freedom of a suspect. Consequently, our inquiry is whether a violation of the 48-hour rule is sufficient grounds to vacate an otherwise voluntary plea. In light of Powell v.Nevada, we conclude it is not. Carley's confession was voluntary and not coerced. Consequently, his confession stands and his plea is valid. Carley's first assigned error lacks merit.
 {¶ 22} Given our above discussion, we conclude Carley's second assigned error is moot and need not be addressed.[15]
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Karpinski, J., concurs.
 McMonagle, J., concurs in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. at 2030.
[2] State v. Carley (2000), 139 Ohio App.3d 841. (This first appeal showed Carley plea bargained with the State before his trial and received a sentence of thirty years to life imprisonment from a three-judge panel. This court reversed for a new trial because the panel lacked subject matter jurisdiction.)
[3] State v. Kelly (1991), 57 Ohio St.3d 127.
[4] Id. at 130.
[5] State v. Spates (1992), 64 Ohio St.3d 269, quotingTollett v. Henderson (1973), 411 U.S. 258, 267.
[6] Id. at 272.
[7] Kelly at 131.
[8] Spates at 273.
[9] (1975), 420 U.S. 103.
[10] (1984), 466 U.S. 668.
[11] Thurston v. Maxwell (1965), 3 Ohio St.2d 92; Hendersonv. Maxwell (1964), 176 Ohio St. 187; State v. Blackmon (Sept. 27, 1982), 7th Dist. No. 81 C.A. 13; State v. Austin (Apr. 16, 1981), 7th Dist. No. 80 C.A. 81.
[12] Mohammed v. Jones (D.Ct. E. Div., MI, 2002) Case No. 01-CV-72433-DT, citing United States v. Christopher (C.A. 6, 1991), 956 F.2d 536.
[13] (Dec. 5, 1991), Cuyahoga App. No. 59393.
[14] Powell v. Nevada (1994), 511 U.S. 79.
[15] App.R. 12(A)(1)(c).