[Cite as *State ex rel. Gould v. Gibson*, 2013-Ohio-2842.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE ex rel. JASON A. GOULD, | : | **O P I N I O N** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2013-L-029** |
| JUDGE JOSEPH GIBSON, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Jason A. Gould*, pro se, PID: A574332, Richland Correctional Institution, P.O. Box 8107, Mansfield, OH 44905 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Joshua S. Horacek*, Assistant Prosecutor, Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

TIMOTHY P. CANNON, P.J.

{¶1} Before this court is relator, Jason A. Gould's, petition for "Mandamus per 2731.01." Respondent, Judge Joseph Gibson, has filed a motion to dismiss, pursuant to Ohio Civ.R. 12(B)(6), claiming that relator has "failed to state a claim upon which relief can be granted." For the following reasons, the respondent's motion has merit, and accordingly, relator's petition is dismissed for failure to state a claim upon which relief can be granted.

{¶2} On March 26, 2011, relator filed his petition requesting this court to issue a writ of mandamus ordering respondent to run relator's sentences concurrently, pursuant to R.C. 2941.25(B), in two different case numbers in the Lake County Court of Common Pleas, to wit: 06CR000152 and 06CR000306. In his affidavit of facts, relator maintains the trial court erred in running his conviction for possessing criminal tools, in violation of R.C. 2923.24, consecutive to the other charges in the aforementioned cases; instead, he contends possessing criminal tools is an allied offense to the illegal manufacture of drugs, in violation of R.C. 2925.04.

{¶3} Respondent filed a motion to dismiss on April 26, 2013, asserting that relator cannot meet any of the requirements for a writ of mandamus. Respondent attached certified copies of the indictments in both case No. 06CR00152 and case No. 06CR000306, which demonstrate that the indictments stemmed from different conduct on two separate dates. Thus, R.C. 2941.25(A) is not applicable. Additionally, respondent maintains it is not under a clear legal duty to merge relator's sentences at this point. And, further, a plain and adequate remedy in the ordinary course of law existed, as relator could have sought redress of this perceived error through direct appeal.

{¶4} Relator filed an "opposition to respondent's brief to dismiss."

{¶5} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. The basic purpose of a writ of mandamus is to require a public official to complete a specific act which he has a legal obligation to perform. *Cunningham v. Lucci*, 11th Dist. No.

2

2006-L-052, 2006-Ohio-4666, ¶9. Before a writ of mandamus will lie, the relator must be able to demonstrate that: "(1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Sanders v. Enlow*, 11th Dist. No. 2010-P-0022, 2010-Ohio-5053, ¶14.

{¶6} In *State ex rel. Porterfield v. McKay*, 11th Dist. No. 2012-T-0012, 2012-Ohio-5027, ¶12, this court granted respondent's motion to dismiss. In such motion, the respondent argued the relator could not employ an original action to contest alleged sentencing errors in his underlying criminal case as such errors could have been raised on direct appeal. In his writ of mandamus, the relator requested "the issuance of a writ to mandate Judge McKay to conduct a new sentencing hearing and render a new sentencing judgment which is consistent with R.C. 2941.25(A), the statutory section governing the merging of allied offenses for purposes of sentencing."

{¶7} [Because] R.C. 2941.25 does not set forth any mandated terms of imprisonment, any violation of its provisions regarding the merger of allied offenses would have only caused Judge McKay's original sentencing judgment to be voidable, not void. Under such circumstances, even if relator's 'allied offenses' argument was not covered under the Supreme Court's holding in his original appeal, he only had one opportunity to assert the 'merger' issue: i.e., in his direct appeal from the October 2001 final judgment. Regardless of whether the issue was raised in his original appeal, he is now

3

foreclosed under the doctrine of res judicata from challenging the propriety of his sentence in any collateral proceeding, such as an action in mandamus. *Id.* at ¶17.

{¶8} Although relator attempted to file a direct appeal, this court dismissed the appeal, finding that he neither complied with the thirty-day rule set forth in App.R. 4(A) nor sought leave to appeal. *State v. Gould*, 11th Dist. No. 2011-L-032, 2011-Ohio-5111, ¶11 ("[a]ppellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A)"). *State ex rel. Porterfield v. McKay*, *supra*, ¶18 ("[a] writ of mandamus may not be used as a substitute remedy when the relator previously failed to take the proper steps to invoke an existing remedy").

{¶9} Relator's allegations in the instant case were not legally sufficient to satisfy any of the three elements for a writ of mandamus. Consequently, relator's petition is dismissed in its entirety.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.