[Cite as *State v. Cromety*, 2014-Ohio-4747.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0042** |
| WARREN CROMETY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 93 CR 460.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gregory S. Robey,* Robey & Robey, 14402 Granger Road, Cleveland, OH 44137 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Warren Cromety, appeals the denial of his Motion to Vacate Convictions and Sentences by the Trumbull County Court of Common Pleas. The issue before this court is whether the failure to execute a separate, written jury waiver pursuant to R.C. 2945.05 prior to the entry of a guilty plea renders the plea invalid. For the following reasons, we affirm the decision of the court below.

{¶2}   On September 9, 1993, the Trumbull County Grand Jury indicted Cromety on the following charges: Attempted Murder (Count One), an unclassified felony in violation of R.C. 2923.02 and 2903.02; Attempted Murder (Count Two), an unclassified felony in violation of R.C. 2923.02 and 2903.02; Aggravated Burglary (Count Three), a felony of the first degree in violation of R.C. 2911.11(A)(1) and (3); Aggravated Robbery (Count Four), a felony of the first degree in violation of R.C. 2911.01(A)(2); and Robbery (Count Five), an aggravated felony of the second degree in violation of R.C. 2911.02.

{¶3}   On October 12, 1993, the Trumbull County Grand Jury indicted Cromety for Aggravated Murder (Count Six), an unclassified felony in violation of R.C. 2903.01(B), with a specification of aggravating circumstances (death penalty) pursuant to R.C. 2941.14 and 2929.04(A)(7).  On the State's motion, the trial court entered a Nolle Prosequi on Count Two of the Indictment.

{¶4}   On March 29, 1994, the trial court entered a Judgment Entry, appointing "a three-judge panel to decide all questions of fact and law and to determine whether the Defendant is guilty of the offenses and to pronounce sentence following the procedures mandated in Section 2929.03 and 2929.04 of the Revised Code of Ohio."

{¶5}   On March 31, 1994, Cromety appeared before the trial court to enter a plea.  The following colloquy occurred at the beginning of the hearing:

> JUDGE SHAKER: Due to developments that have occurred in this case, and by reason of a request of the defendant to waive the jury trial, we are going to proceed in a little different manner.  Mr. Zena [Counsel for Cromety], do you have the waiver?

MR. ZENA: Judge, we will not be proceeding with the trial of this action. The defendant will be proffering a plea; therefore, a written waiver of jury trial will not be required under the statute.

MR. KONTOS [Assistant Prosecuting Attorney]: That's correct, Your Honor.

JUDGE SHAKER: Prosecution agree?

MR. KONTOS: Yes.

JUDGE SHAKER: Okay. Let the record reflect that then we are going to proceed as I just outlined.

* * *

JUDGE SHAKER: Are you agreeable that we proceed that way with a three-judge panel?

THE DEFENDANT: Yes, sir.

{¶6} After the trial court explained the constitutional rights he would be waiving by entering a plea, Cromety pled guilty to the five remaining counts of the Indictment.

{¶7} In the Finding on Guilty Plea to Amended Indictment, signed by Cromety, he stated:

I understand I have the right to a jury trial. I understand that at trial I have the right to confront and cross-examine the witnesses against me, and the right to have compulsory process for obtaining witnesses in my favor and to require the State to prove my guilt beyond reasonable doubt at a trial at which I cannot be compelled to testify against myself. Upon conviction, I would have the further

3

> right of Appeal. I waive all those rights, including the right to a trial by jury.

*Compare* R.C. 2945.05.

{¶8} The three-judge panel determined "that the aggravating circumstances [did] not outweigh beyond a reasonable doubt the mitigating factors set forth in Ohio Revised Code Section 2929.04." The panel sentenced Cromety to an indeterminate prison term of ten to twenty-five years for Attempted Murder (Count One), Aggravated Burglary (Count Three), and Aggravated Robbery (Count Four); an indeterminate prison sentence of eight to fifteen years for Robbery (Count Five); and to life in prison with no parole eligibility for twenty full years for Aggravated Murder (Count Six). The panel ordered all sentences to be served concurrently with each other. Additionally, the panel ordered Cromety to pay the costs of prosecution.

{¶9} On April 18, 1994, the trial court issued its written Entry on Sentence.

{¶10} On April 24, 1996, Cromety filed an O.R.C. 2953.21 Postconviction Petition with Rule 32.1 and Rule 29 Motions.

{¶11} On July 16, 1996, the trial court dismissed the Petition. This court affirmed the dismissal in *State v. Cromety*, 11th Dist. Trumbull No. 96-T-5526, 1997 Ohio App. LEXIS 4518 (Oct. 3, 1997).

{¶12} On November 22, 2013, Cromety filed a Motion to Vacate Convictions and Sentences.

{¶13} On March 31, 2014, the State filed its Response to Defendant's Motion to Vacate Convictions and Sentences.

4

**{¶14}** On April 10, 2014, the trial court entered a Judgment Entry denying the Motion.

**{¶15}** On May 12, 2014, Cromety filed a Notice of Appeal. On appeal, Cromety raises the following assignments of error:

**{¶16}** "[1.] The trial court erred when it denied Appellant's Motion to Vacate Convictions and Sentences, and ruled that a Crim. Rule 11 Plea Agreement obviated the need for a Jury Trial waiver that strictly complied with R.C. 2945.05-.06."

**{¶17}** "[2.] The trial court abused its discretion by summarily overruling Appellant's Motion to Vacate Convictions and Sentences without a hearing."

**{¶18}** "[3.] The trial court's journal entry fails to make specific findings of fact on the material issue raised."

**{¶19}** The basis of Cromety's Motion to Vacate Convictions and Sentences is that the three-judge panel did not have jurisdiction to accept his guilty plea. Cromety relies on R.C. 2945.06, which provides in relevant part:

> In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge

or chief justice of that court * * *. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly.

{¶20} It is not disputed that, in the present case, the three-judge panel was appointed prior to Cromety's execution of the written waiver of his right to trial by jury as part of his guilty plea. Cromety interprets R.C. 2945.06 to mean "that the three judge panel convened in this case lacked the jurisdiction [to accept a plea] because there was no proper waiver *prior to* convening the three judge panel." Appellant's Reply Brief at 3. In other words: "Two waiver[s] are required in a capital murder case. The first waiver gives a three judge panel jurisdiction to hear the case. The second waiver, as part of the plea agreement, is designed to advise an accused of his/her constitutional rights." Appellant's Reply Brief at 4.

{¶21} As an initial matter, we must address the nature of Cromety's Motion to Vacate Convictions and Sentences.

{¶22} The Ohio Rules of Criminal Procedure do not expressly provide for a motion to vacate conviction or sentence. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction

6

relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus; *State v. Weber*, 11th Dist. Lake No. 2013-L-080, 2014-Ohio-4133, ¶ 10; *State v. Wolf*, 11th Dist. Lake Nos. 2009-L-081 and 2009-L-082, 2010-Ohio-2152, ¶ 13, 16.

{¶23} "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶24} Construed as a motion for postconviction relief, Cromety's Motion was untimely and properly denied by the lower court.

{¶25} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a). "If no [direct] appeal is taken [from the judgment], * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).

{¶26} In the present case, Cromety's Motion is untimely by nineteen years. None of the circumstances that allow a trial court to entertain an untimely petition are applicable. R.C. 2953.23(A)(1). Given the untimeliness of Cromety's Motion, the trial

7

court was under no obligation to hold a hearing or issue findings of fact and conclusions of law. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6 ("a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition") (cases cited); *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 51 ("[i]n postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing").

**{¶27}** Cromety contends, however, that the alleged failure to comply with R.C. 2945.06 deprived the three-judge panel of subject matter jurisdiction, thus rendering his guilty plea "a void judgment [that] can be attacked at ANY time, even 20 years later." Appellant's Merit Brief, at 7. We disagree.

**{¶28}** Original or subject matter jurisdiction over "crimes and offenses" is vested in the court of common pleas, not a particular judge or panel of judges. R.C. 2931.03; *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus ("[s]ubject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits"). Subject matter jurisdiction "is determined as a matter of law and, once conferred, it remains." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 34.

**{¶29}** In *Pratts*, the Ohio Supreme Court determined that the failure to comply with R.C. 2945.06 "does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio," but rather, "constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." *Id.* at syllabus.

**{¶30}** In *Pratts*, the trial court had erred by failing to convene a three-judge panel to adjudicate a capital case, in contrast to the present case, where the error alleged is

8

that the trial court convened the three-judge panel prematurely. That distinction is immaterial. The Supreme Court in *Pratts* stated its holding in general terms, wholly applicable to the present facts, thusly: "1) the statutes [R.C. 2945.05 and .06] require strict compliance, 2) * * * failure to strictly comply is error in the exercise of jurisdiction, 3) * * * strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal, any error is, in effect, waived and cannot be remedied through collateral attack." *Id.* at ¶ 32.

{¶31} In conclusion, Cromety's argument that the trial court failed to comply with R.C. 2945.06 by appointing a three-judge panel before obtaining a jury waiver in accordance with R.C. 2945.05 has been effectively waived. The case of *State v. Carley*, 139 Ohio App.3d 841, 745 N.E.2d 1122 (8th Dist.2000), relied upon by Cromety, acknowledges that such arguments must be raised on direct appeal. *Id.* at 846.

{¶32} The assignments of error are without merit.

{¶33} For the foregoing reasons, the Trumbull County Court of Common Pleas' denial of Cromety's Motion to Vacate is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, concurs in judgment only.

9