[Cite as *State ex rel. Banks v. Collins*, 2015-Ohio-3827.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. DAJUAN L. BANKS, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2015-L-064** |
| - vs - | : | |
| JUDGE RICHARD L. COLLINS, JR., | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus and/or Procedendo.

Judgment: Writ dismissed.

*Dajuan L. Banks,* pro se, PID: A560-248, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Relator).

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Dajuan L. Banks petitions this court to issue writs of mandamus and/or procedendo to the Hon. Richard L. Collins, Jr., Judge of the Lake County Court of Common Pleas. In October 2008, Judge Collins accepted Mr. Banks' pleas of guilty to aggravated murder, and attendant crimes, and sentenced him to prison. Mr. Banks argues Judge Collins lacked jurisdiction to accept his pleas and impose sentence and that his sentence is void. We disagree, and dismiss the petition.

{¶2}    Mr. Banks murdered his ex girlfriend's boyfriend in October 2007.  *State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856, ¶5.  He was indicted on three counts of aggravated murder, with two death penalty specifications, and a firearm specification on each; two counts of aggravated robbery, with firearm specifications; and one count of kidnapping with a firearm specification.  *Id.* at ¶6.

{¶3}    Mr. Banks waived jury trial, and a three judge panel was chosen to hear his case pursuant to R.C. 2945.06 and Crim.R. 11(C)(3)  Mr. Banks then negotiated a plea deal with the state.  He pled guilty to aggravated murder, aggravated robbery, and kidnapping, all with attendant firearm specifications.  *Banks*, *supra*, at ¶12.  In return, the state moved the trial court to dismiss the death penalty specifications, and all remaining counts and specifications in the indictment.  *Id.*  The trial court dismissed the death penalty specifications, and remaining counts and specifications, and sentenced Mr. Banks to life imprisonment without possibility of parole for aggravated murder, to be followed by consecutive ten year sentences for aggravated burglary and kidnapping, and consecutive, merged three year sentences on the firearm specifications.  *Id.*

{¶4}    Mr. Banks appealed to this court, which affirmed.  *Banks*, *supra*, at ¶39.  Mr. Banks did not appeal whether Judge Collins had jurisdiction to accept his pleas and enter sentence.  A subsequent appeal to the Supreme Court of Ohio was denied, as was a motion to reopen his appeal.

{¶5}    March 16, 2015, Mr. Banks moved Judge Collins to vacate his 2008 judgment entry of sentence as void.  In this motion, he first contended only the three judge panel named to hear his case could accept his pleas of guilty, and impose sentence.  By a judgment entry filed April 23, 2015, Judge Collins denied the motion.

Treating the motion as one for post-conviction relief, Judge Collins found it untimely. He found the matters raised were barred by res judicata. Finally, he found Mr. Banks' argument substantively wrong, in that the law does not require a three judge panel to accept a plea of guilty and impose sentence, when defendant has waived a jury, once the state has foregone the death penalty.

{¶6} Mr. Banks did not appeal this judgment. Rather, he filed the instant petition.

{¶7} "Before a writ of mandamus will lie, the relator must be able to demonstrate that: '(1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter.' *State ex rel. Sanders v. Enlow*, 11th Dist. No. 2010-P-0022, 2010-Ohio-5053, ¶14." *State ex rel. Gould v. Gibson*, 11th Dist. Lake No. 2013-L-029, 2013-Ohio-2842, ¶5.

{¶8} For a writ of procedendo to issue, the relator must show he or she has a right to have a judicial officer proceed in an underlying case to a final determination. *State ex rel. Davies v. Schroeder*, 11th Dist. Ashtabula No. 2013-A-0059, 2014-Ohio-973, ¶4.

{¶9} Mr. Banks cannot meet the prerequisites for either mandamus or procedendo. He relies on the decision in *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833. In that case, the Eighth District certified the following question to the court: "'When the State agrees not to pursue the death penalty in an aggravated murder case, but does not delete the death penalty specification, does the requirement that the proceedings be held by a three judge panel as set forth in R.C. 2945.06 and Crim.R.

3

11(C)(3) still apply?'" *Id.* at ¶4. The *Parker* court answered the question affirmatively. *Id.* However, *Parker* has no application when the death penalty specification has been deleted. *State v. Anderson*, 9th Dist. Summit No. 21569, 2003-Ohio-5784, ¶14 (collecting cases.) Under that circumstance, a single judge may freely accept a plea of guilty, and impose sentence. *Id.* at ¶14-15.

{¶10} In this case, Judge Collins dismissed the death penalty specifications against Mr. Banks prior to accepting his pleas of guilty and imposing sentence.

{¶11} We further agree with Judge Collins that any error pertaining to this issue is barred by res judicata. In *State v. Cromety*, 11th Dist. Trumbull No. 2014-T-0042, 2014-Ohio-4747, we pointed out that any error relating to failure to comply with the provisions of R.C. 2945.06 does not render a judgment void, but is merely a mistake in the exercise of jurisdiction, which must be raised by direct appeal. *Id.* at ¶27-31, citing to *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980. Mr. Banks did not raise this issue on direct appeal, and res judicata bars its consideration now.

{¶12} The petition is dismissed.


CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

4