[Cite as *State v. Carley*, 2023-Ohio-4646.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 112393

    v.                                    :

RICHARD E. CARLEY,                    :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-97-355976-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Kimberly Kendall Corral, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Richard E. Carley ("Carley") appeals the trial court's journal entry denying his motion for DNA testing pursuant to R.C. 2953.72. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Following a jury trial, Carley was found guilty of multiple counts including, aggravated murder with firearm, felony-murder, and mass-murder specifications and aggravated robbery with firearm specifications. Prior to sentencing, with the agreement of the prosecutor, Carley withdrew his former not guilty plea. The indictment against Carley was amended to assert two counts of murder. Carley entered a plea of guilty to two counts of murder, felonies of the first degree, in violation of R.C. 2903.02 with firearm specifications on each. Carley was sentenced to an aggregate prison sentence of 33 years to life.

{¶ 3} Carley appealed arguing his plea was invalid because his counsel was ineffective. This court affirmed his conviction and sentence finding that the trial court complied with Crim.R. 11 when taking his plea and that Carley had not demonstrated that he was inappropriately induced or coerced into entering his guilty plea. *State v. Carley*, 8th Dist. Cuyahoga No. 81001, 2004-Ohio-1901, ¶ 14.

{¶ 4} On June 30, 2022, Carley filed a motion for postconviction DNA testing pursuant to R.C. 2953.72. The trial court denied Carley's motion, finding that he was "not an 'eligible offender' as defined in R.C. 2953.72(C)(2)."

{¶ 5} It is from this order that Carley appeals, raising the following assignment of error: "[t]he trial court erred when it ruled that Richard Carley is an ineligible offender under ORC 2953.72(C)(2) because Richard Carley was found guilty of a felony offense by a jury."

## II. Law and Analysis

{¶ 6} An offender is eligible to request DNA testing under R.C. 2953.71 to 2953.81, if

> (a) The offense for which the offender claims to be an eligible offender is a felony, and the offender was convicted by a judge or jury of that offense.

R.C. 2953.72(C)(1).

{¶ 7} An offender is ineligible for postconviction DNA testing "regarding any offense to which the offender pleaded guilty or no contest." R.C. 2953.72(C)(2)

{¶ 8} We acknowledge that a jury originally found Carley guilty of aggravated murder and aggravated robbery. Prior to being sentenced, Carley pled guilty to two counts of murder, along with firearm specifications. Carley is presently serving a prison sentence for those two felonies to which he pled guilty.

{¶ 9} By seeking DNA testing under R.C. 2953.72(C)(1), Carley seeks to call into question his convictions for murder and the sentence he is currently serving. Therefore, the offenses for which Carley claims to be an eligible offender are the two counts of murder. Because Carley pled guilty to both murder counts, he is ineligible for DNA testing pursuant to R.C. 2953.72(C)(2).

{¶ 10} Carley's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHAEL JOHN RYAN, J., CONCUR